CARLOS JIMENEZ, Bar No. 227534
cajimenez@littler.com
KIMBERLI A. WILLIAMS, Bar No. 318741
kawilliams@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Attorneys for Defendants
PRAXAIR, INC. and PRAXAIR
DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA GARCIA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR, INC., a Delaware corporation; PRAXAIR DISTRIBUTION, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-03887<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, & 1446]<br><br>Complaint Filed on May 18, 2018 |

1.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RITA GARCIA AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Praxair, Inc.[1] ("Praxair") and Praxair Distribution, Inc. ("PDI") (collectively "Defendants") hereby remove the above-entitled action brought by Plaintiff Rita Garcia ("Plaintiff") in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(d) (Class Action Fairness Act of 2005 or "CAFA"), and 1446 on the following grounds:

## I. STATEMENT OF JURISDICTION & VENUE

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. §1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official or other governmental entity; (3) the total amount in controversy for all putative class members exceeds $5,000,000; and, (4) there is diversity between at least one class member and Defendants.

3. CAFA's diversity requirement is satisfied when at least one plaintiff is a

---

[1] Praxair, Inc. did not employ Plaintiff or any of the putative class members that she seeks to represent. (Miranda Decl., ¶ 5.) Accordingly, Defendants will immediately request and/or seek to dismiss Praxair, Inc. from this matter.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

citizen of a state in which the defendant is not a citizen. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

5. This action was filed in the Superior Court for the State of California for the County of Alameda. Accordingly, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84, 1391, 1441 and 1446.

## II. PLEADINGS, PROCESSES & ORDERS

6. On May 18, 2018, Plaintiff, on behalf of herself and other members of the general public similarly situated, commenced this action by filing a class action complaint in the Superior Court of California, County of Alameda, entitled *Rita Garcia, individually, and on behalf of all others similarly situated, v. Praxair, Inc., a Delaware corporation; Praxair Distribution, Inc., a Delaware corporation; and DOES 1 through 10, inclusive,* designated as Case No. RG18905648 ("Complaint"). A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**. Plaintiff and the members of the putative class she purports to represent are "[a]ll persons who worked for any Defendant in California as an hourly paid, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Compl., ¶ 24.)

7. In the Complaint, Plaintiff, an employee of PDI, alleges the following causes of action on her behalf and on the behalf of the putative class members: (1) Failure to Pay Minimum and Straight Time Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7 and 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Time Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (6)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code §§ 226]; and (7) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq.*].

8. This action was brought as a putative class action pursuant to California Code of Civil Procedure § 382, which authorizes actions be brought by one or more representative persons as a class, similar to Rule 23 of the Federal Rules of Civil Procedure.

9. On or about May 29, 2018, Defendants were served with a Notice of Hearing regarding a Complex Determination Hearing and Case Management Hearing. A true and correct copy of this Notice of Hearing is attached to this Notice of Removal as **Exhibit B**.

10. At the time of filing this Notice of Removal, Defendants had not been served with the Complaint.

11. Because the Doe defendants have not yet been served, they need not join or consent to Defendants' Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal). Furthermore, CAFA permits any defendant to unilaterally remove the action if the requirements of CAFA for removal are met, as they are here. *See* 28 U.S.C. §1453(b).

12. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in in the Superior Court of the State of California, County of Alameda.

### III. TIMELINESS OF REMOVAL

13. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Because Defendants have not yet been served with the Complaint, removal of this action is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

timely because the notice of Notice of Removal has been filed within 30 days of service. 28 U.S.C. § 1446(b).

14. On or about June 27, Defendants filed their Answer to Plaintiff's Class Action Complaint. A true and correct copy of Defendants' Answer is attached to this Notice of Removal as **Exhibit C**.

## IV. DIVERSITY OF CITIZENSHIP

15. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

### A. Plaintiff is a citizen of California.

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff was at the time of the filing of this action a resident of the State of California. (Compl., ¶ 7.) Accordingly, Plaintiff is a citizen of the State of California.

### B. Defendants are citizens of Delaware and Connecticut.

17. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high level officers direct, control and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

80-81, 92-95 (2010). Except in unusual circumstances, a corporation's corporate headquarters is in its 'nerve center.' *Id.*

18. Praxair is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Delaware. *See* Declaration of Kristin Miranda (hereafter "Miranda Decl."), ¶ 3. Praxair's corporate headquarters are located in Danbury, Connecticut and its executive officers direct, control, and coordinate the corporation's activities and executive functions from its corporate headquarters in Danbury, Connecticut. (Miranda Decl., ¶ 3; *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed.)) Danbury, Connecticut is therefore Praxair's principal place of business. Accordingly, Praxair is not a citizen of the State in which this action is pending and is a citizen of a different State than that of Plaintiff.

19. PDI is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Delaware. (Miranda Decl. ¶ 4.) PDI's corporate headquarters are located in Danbury, Connecticut and its executive officers direct, control, and coordinate the corporation's activities and executive functions from its corporate headquarters in Danbury, Connecticut. (Miranda Decl., ¶ 4; *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed.)) Danbury, Connecticut is therefore PDI's principal place of business. Accordingly, PDI is not a citizen of the State in which this action is pending and is a citizen of a different State than that of Plaintiff.

20. Plaintiff is a citizen of California, Defendants are citizens of Delaware and Connecticut, therefore the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

21. Defendants Does 1 through 50 are fictitious. The Complaint does not set

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

forth the identity of or any allegations against these Defendants as individuals. Their citizenship should be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

## V. PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

22. At all relevant times, Plaintiff was employed by Defendants as a laboratory technician. (Compl., ¶ 7.) Plaintiff seeks to represent current and former hourly, non-exempt employees of Defendants in the State of California during the period of May 18, 2014 through the issuance of class notice. (Compl., ¶ 24.)

23. PDI has employed at least 634 current and former non-exempt employees in the State of California between May 18, 2014 and June 22, 2018. (Miranda Decl., ¶ 6.)

## VI. DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES

24. Defendants are not states, state officials, or other governmental entities. Defendants are corporations organized and formed under the laws of the State of Delaware. (Miranda Decl., ¶¶ 3-4.)

## VII. AMOUNT IN CONTROVERSY EXCEEDS $5,000,000[2]

25. The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6). Here, Plaintiff does not allege the amount in controversy in the Complaint, but does allege that the damages for her first and second causes of action will "'exceed the jurisdictional minimum of this Court." (Compl. ¶¶ 36 & 46.) However, the face of the Complaint clearly demonstrates that the amount in controversy in this case exceeds $5,000,000.

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

26. A defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal'" as stated under 28 U.S.C. section 1446(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. at 553. According to the United State Supreme Court, "[b]y design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and thus, on removal, federal courts are to accept the defendant's "amount-in-controversy allegation when not contested by the plaintiff or questioned by the court." *Id.* Accordingly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

27. Defendants expressly deny any liability for the damages alleged in Plaintiff's Complaint. However, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

28. Plaintiff alleges Defendants "[failed] to pay minimum and straight time wages, [failed] to pay overtime wages, [failed] to provide meal periods, [failed] to authorize and permit rest periods, [failed] to maintain accurate records of hours worked and meal periods, [failed] to timely pay all wages to terminated employees, and [failed] to furnish accurate wage statements." (Compl., ¶ 1; see also, ¶¶ 4 & 15-21.) Plaintiff also alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* (Compl., ¶¶ 73-90.) Alleging a UCL violation extends the statute of limitations of several of Plaintiff's and the putative class' wage and hour claims from three to four years from the filing of the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

8.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Complaint, which in this case, extends the statute of limitations to May 18, 2014. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL). Plaintiff seeks to recover on behalf of herself and the putative class members damages arising from this alleged conduct, including: penalties; general damages and/or restitution; special damages (including lost wages and interest); costs; and attorneys' fees. (Compl., Prayer for Relief.)

29. Between May 18, 2014 and June 22, 2018, PDI employed at least 634 current and former hourly, non-exempt employees California, with an average hourly rate of $23.03. (Miranda Decl., ¶ 6.) Based on the available employment records, the time period Plaintiff has placed at issue, and the number of employees at issue, Plaintiff has placed 79,693 workweeks in controversy, based on the hire and termination dates of the putative class members. Plaintiff was hired in April 2008, but is currently on workers' compensation leave. (Miranda Decl., ¶ 10.) Thus, Plaintiff worked a total of 117 workweeks during the statutory period prior to going on leave.

### A. Unpaid Minimum Wage and Unpaid Straight Time Claim

30. By way of her first cause of action, Plaintiff and the putative class seek allegedly unpaid minimum/straight time wages and liquidated damages equal to the amount of unpaid wages pursuant to California Labor Code §§ 1194, 1194.2 and 1197. (Compl., ¶¶ 31-40.) Plaintiff does not allege any relevant factual basis for this claim other than alleging that "Defendants knowingly failed to pay Plaintiff and the Class compensation for all hours worked." (Compl., ¶¶ 15-16, & 33.) Nor does Plaintiff limit this claim in some manner, for instance, stipulating that only certain shifts are at issue. Accordingly, at this juncture each work day and/or workweek of each putative class member during the putative class period is in controversy.

31. A conservative estimate of the amount in controversy for Plaintiff's minimum wage claim would equal **$741,780.00**. This assumes Plaintiff and the putative class seek only one hour of wages for off-the-clock work per workweek, at

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the California 2016 state minimum wage of $10.00[3], that all employees worked for only 117 workweeks (the same amount of workweeks Plaintiff worked [see ¶ 29]), and Plaintiff nor the putative class recover any liquidated damages for this claim.[4] The unpaid minimum wage owed would thus be **$741,780.00** ($10.00 x 634 x 117 weeks).

32.  Assuming Plaintiff and the class members are owed one hour of unpaid minimum wage for all workweeks worked during the class period, and recovered liquidated damages, the amount in controversy for this claim would be **$1,596,720.00** ($10.00 x 79,693 x 2).

**B.  Unpaid Overtime Claim**

33.  By way of her second cause of action, Plaintiff and the putative class[5] seek allegedly unpaid wages at overtime wage rates pursuant to California Labor Code §§ 510, 1194, and 1198. (Compl. ¶¶ 41-49.) Plaintiff alleges that she and the putative class members incurred unpaid overtime compensation, by working in excess of eight hours per day and/or in excess of 40 hours in a week. (Compl. ¶¶ 42, 58.) However, Plaintiff does not state the amount of unpaid overtime she and the putative class worked each week. Further, Plaintiff alleges that Defendants maintained a systematic, company-wide policy and practice of failing to pay employees for all hours worked, including overtime. (Compl. ¶¶ 4.) Plaintiff also alleges that Defendants "typically

---

[3] Note that the California minimum wage increased to $10.50 per hour in 2017 and to $11.00 in 2018.

[4] Note that Plaintiff could also recover liquidated damages, which equal another $741,780. *See* Cal. Lab. Code §§ 1194.2, 1197.1. Thus, the potential amount in controversy for Plaintiffs' minimum wage claim in this scenario would likely exceed **$1,483,560.00**.

[5] Note that the putative class, as defined by Plaintiff, includes non-exempt drivers that are subject to Department of Transportation regulations, and therefore possibly exempt from overtime compensation. Accordingly, for purposes of the calculating the amount in controversy for Plaintiff's overtime claim, only 384 putative class members (634 – 250 non-exempt drivers) and 50,203 workweeks (79,693 – 29,490 truck driver workweeks) will be considered. (*See* Miranda Decl., ¶¶ 6-7.)

10.
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

scheduled her to work 5 days per workweek, and between 8 to 11 hours each workday," [Compl. ¶14], and goes on to further allege that "Plaintiff's experience working for Defendants was typical and illustrative." (Compl. ¶ 15.)

34. To determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of unpaid hours worked by Plaintiff and the putative class that would have been considered overtime hours is multiplied by one and one-half times their respective regular rates of pay rate in effect during the time the overtime was allegedly worked. *See* Cal. IWO 9-2001, §3(A)(1).

35. If Plaintiff's alleged experience is typical of the putative class (as alleged above), a conservative estimate of the amount in controversy for Plaintiff's overtime claim would equal **$376,522.50**. This assumes Plaintiff and the putative class seek only half an hour of overtime wages for off-the-clock work per workweek, at overtime rate of $15.00 (50,203 workweek x 0.5 hours x $15.00).[6]

36. Assuming Plaintiff and the class members are owed one hour of unpaid overtime wages for all workweeks worked during the class period, the amount in controversy for this claim would be **$753,045.00** (50,203 workweek x 1 hour x $15.00).

### C. Failure to Provide Off-Duty Meal And Rest Periods

37. In support of and by way of her third and fourth causes of action, Plaintiff alleges that "[t]hroughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally complaint [first and/or second] meal periods [... and] wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods." (Compl., ¶¶ 18-19, 52 & 56.)

38. Plaintiff also alleges that Defendants "typically scheduled her to work 5 days per workweek, and between 8 to 11 hours each workday," [Compl. ¶14], and

---

[6] This overtime rate is based on California 2016 state minimum wage rate of $10.00, which is significantly lower than the overtime rate of $34.55, which is one and one-half times the average hourly rate of $23.03.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

goes on to further allege that "Plaintiff's experience working for Defendants was typical and illustrative." (Compl. ¶ 15.)

39. Pursuant to the California Court of Appeal's decision in *United Parcel Service Wage & Hour Cases,* 196 Cal. App. 4th 57, 69 (2011), should Plaintiff sustain her burden of proof, Plaintiff and the putative class members could be entitled to one hour of premium pay for a missed meal period and one hour of premium pay for a missed rest break in a single day.

### 1. Plaintiff's Meal Period Claim

40. A conservative amount in controversy for PDI's alleged failure to provide off-duty meal periods would be approximately **$3,670,659.58**. Although Plaintiff alleges that she worked 5 days per workweek, and between 8 to 11 hours each workday," [Compl. ¶14], this number assumes only two missed meal periods per week. If three missed meal periods are assumed, the amount in controversy would be **$5,505,989.37**. These figures are calculated as follows:

| Meal Period Violations Per Week | Weeks | Average Rate | Amount in Controversy |
|---|---|---|---|
| 2 | 79,693 | $23.03 | $3,670,659.58 = 2 x 79,693 x $23.03 |
| 3 | 79,693 | $23.03 | $5,505,989.37 = 3 x 79,693 x $23.03 |

### 2. Plaintiff's Rest Period Claim

41. Plaintiff alleges that "Defendants failed to authorize Plaintiff and the Class to take rest breaks, regarding of whether employees worked more than 4 hours in a workday." (Compl., ¶ 56.) Accepting the allegations that the putative class members missed a rest break in the same way that they missed meal breaks as calculated in ¶40 above, the amount in controversy for putative class members on this cause of action would equal **$3,670,659.58**, assuming two violations per week, and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**$5,505,989.37** assuming three violations per week. These figures are calculated as follows:

| Rest Break Violations Per Week | Weeks | Average Rate | Amount in Controversy |
|---|---|---|---|
| 2 | 79,693 | $23.03 | $3,670,659.58 = 2 x 79,693 x $23.03 |
| 3 | 79,693 | $23.03 | $5,505,989.37 = 3 x 79,693 x $23.03 |

### D. Waiting Time Penalties

42. Plaintiff alleges that "[t]hroughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, straight time wages, overtime wages, and rest premium wages." (Compl., ¶ 20; *see also* ¶ 60.) Section 203 provides for one-day's wages for each day an employee who has separated from his or her employment is not paid all wages owed, up to a total of 30 days' of wages ("waiting time penalty"). Cal. Lab Code. § 203. California Labor Code is subject to a three-year statute of limitations. *See Pineda v. Bank of America*, 50 Cal. 4th 1389 (2010). Thus, the applicable look-back period for purposes of calculating waiting time penalties dates back to May 18, 2018.

43. Based on PDI's payroll data, an estimated 192 putative class members have separated their employment with PDI since May 18, 2018. (Miranda Decl., ¶ 8.) Thus, the amount in controversy with respect to Plaintiff's fifth cause of action for waiting time penalties is **$1,061,222.40**, which is calculated as follows: 192 separated putative class members x $23.03 an hour x 8 hours x 30 days.

### E. Wage Statements

44. Plaintiff also alleges that "[t]hroughout the statutory period, Defendants [intentionally and willfully] failed to furnish Plaintiff and the Class with accurate,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

itemized wage statements" because the wage statements provided failed to correctly identify the gross wages earned by Plaintiff and the Class, failed to list the true total hours worked by the employee, and failed to list the true net wages earned in violation of California Labor Code §226(a). (Compl., ¶¶ 21 & 67.) The statutory penalty for such a violation is $50 for the first pay period, and $100 for each subsequent pay period, up to a total maximum of penalty of $4,000. Cal. Lab. Code §226(e). California Labor Code §226(e) has a one-year statute of limitations. *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007).

45. PDI pays its non-exempt employees on a weekly basis. (Miranda Decl., ¶ 6.) Therefore, there are 52 pay periods per year. While Defendants deny the validity and merit of Plaintiff's claims, for purposes of removal only, Defendants determine the amount in controversy by applying the maximum penalty recoverable to employees that worked more than 41 workweeks. During the one year statute of limitations period from May 18, 2017 to present, PDI employed approximately 471 putative class members. (Miranda Decl., ¶ 9.) Of those 471 employees, 358 employees were employed for 41 or more workweeks. The remaining 113 employees were employed for a total of 2,045 workweeks.

46. Based on amount of penalties that Plaintiff would be entitled to recover under section 226 of the California Labor Code, the fact that employees are paid on a weekly basis, and that the one-year statute of limitations would permit Plaintiff to recover penalties for the time period commencing May 18, 2017, the amount in controversy for this claim is **$1,630,850.00**. The amount is calculated as follows: For the 358 employees who worked 41 or more workweeks during the statutory period, their penalties are capped at the statutory dollar amount of $4,000 per employee, which equals $1,432,000.00. The estimated penalties for the remaining 113 employees who worked less than 41 workweeks equals $198,850.00 (113 x $50 for the first penalty) + (2,045-113 for subsequent violations x $100). Added together, the potential amount in controversy for Plaintiff's claim for wage statement violations is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

$**1,630,850.00**.

47. The aggregate amount in controversy exceeds the $5,000,000 jurisdictional minimum:

| Plaintiff's Claims | Amount in Controversy |
|---|---|
| Unpaid Minimum Wages & Unpaid Straight Time Wages | $741,780.00 to $1,593,860.00 |
| Unpaid Overtime Claim | $376,522.50 to $753,045.00 |
| Meal Break Premiums | $3,670,659.58 to $5,505,989.37 |
| Rest Break Premiums | $3,670,659.58 to $5,505,989.37 |
| Waiting Time Penalties | $1,061,222.40 |
| Wage Statement Penalties | $1,630,850.00 |
| **TOTAL (exclusive of attorneys' fees)** | **$11,151,694.06 to $16,050,956.14** |

48. Indeed, were damages exposure extended through trial, the totals would be even higher. *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, *6, 2015 WL 2452755 (C.D. Cal. May 21, 2015) (where the Complaint does not cut off class allegations as of the date the complaint was filed, including post-filing time in removal computations is consistent with the allegations in the complaint and permissible).

49. Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint (Compl., Prayer for Relief.) It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the "bench

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

15.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

mark" percentage for the fee award should be 25 percent.") (citation omitted.); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983 at *9 ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

50. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid overtime and minimum wage, unpaid meal and rest periods premiums, final wages not timely paid, non-compliant wage statements, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

## VIII. NOTICE TO PLAINTIFF AND STATE COURT

51. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda.

Dated: June 28, 2018

/s/ *Carlos Jimenez*
CARLOS JIMENEZ
KIMBERLI A. WILLIAMS
LITTLER MENDELSON, P.C.
Attorneys for Defendants
PRAXAIR, INC. and PRAXAIR
DISTRIBUTION, INC.

Firmwide:155500641.2 045147.1350

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT