UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
|---|---|---|---|
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) ORDER RE MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS (DKT. 69); |
|---|---|
| | MOTION FOR ATTORNEY'S FEES AND COSTS (DKT. 70) |
| | JS-6: CASE TERMINATED |

## I. Introduction

On May 18, 2018, Rita Garcia filed this case as a putative class action against Defendants Praxair, Inc. and Praxair Distribution, Inc. in the Alameda County Superior Court. Dkt. 1-1. Defendants removed the action to the United States District Court for the Northern District of California. Dkt. 1. The action was transferred to this District on September 25, 2018. The principal causes of action advanced are failure to provide minimum and straight time wages for all hours worked, failure to provide overtime wages, failure to provide meal periods, and failure to permit and authorize rest periods in violation of the California Labor Code. Related causes of action are advanced for failure timely to pay wages of discharged employees and failure to provide accurate wage statements in violation of the California Labor Code, and for violations of the California Unfair Competition Law. Plaintiff also seeks civil penalties under the California Private Attorneys General Act ("PAGA").

On August 5, 2019 Plaintiff filed a motion for preliminary approval of a class action and PAGA settlement. Dkt. 56 (the "Preliminary Approval Motion"). The parties also filed a stipulation permitting Plaintiff to file an amended complaint adding a cause of action to recover civil penalties under PAGA. An order approving that filing was entered on August 7, 2019. Dkts. 55, 57. Plaintiff filed the First Amended Complaint on August 15, 2019. Dkt. 58.

On July 17, 2020, the Preliminary Approval Motion was granted, subject to a reduction of Plaintiff's incentive award to $3000. Dkt. 66 at 2 (the "July 2020 Order"). This approval was conditional on de novo review of the request for attorney's fees and costs in connection with the anticipated motion for final approval of the settlement. *Id.*

On December 11, 2020, Plaintiff filed a Motion for Final Approval of Class Action And PAGA Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

Settlement And Certification of Settlement Class. Dkt. 69 (the "Final Approval Motion"). Plaintiff also filed a Motion for Attorney's Fees and Costs. Dkt. 70 (the "Attorney's Fee Motion"). Defendants did not oppose either Motion. Dkts. 72, 73.

A hearing on the Motion was held on January 11, 2021. The Motion was granted, with a separate, more detailed written order to follow. Dkt. 75. For the reasons stated in this Order and at the January 11, 2021 hearing, the Final Approval Motion is **GRANTED**. The terms of the Settlement Agreement are approved as fair, reasonable, and adequate. The Settlement Class is certified for the purpose of settlement. The Attorney's Fees Motion is **GRANTED**. An award of attorney's fees of $125,000 to counsel for Plaintiff and the class is approved. An award of $10,349.91 in costs as well as a $4000 incentive award to the named Plaintiff are also approved.

**II.     Summary of the Settlement Agreement**

      A.     Settlement Class Definition and Period

The Settlement Class is defined as:

> All persons who worked for Defendant Praxair Distributions, Inc. in California as an hourly paid, non-exempt employee at any time, excluding truck drivers, during the Class Period (from May 18, 2014 through Preliminary Approval)

Dkt. 71, Ex. 1 ("Settlement") ¶ 8.

      B.     Relief to the Settlement Class Members

           1.     Monetary Relief

Defendants will pay up to $500,000 ("Settlement Fund"). Settlement ¶ 10. Incentive awards, settlement administration costs, the PAGA allocation, and attorney's fees and costs will be paid from the Settlement Fund, with the remaining amount (the "Net Settlement Amount") distributed to members of the Settlement Class who do not opt out of the action. *Id.* ¶ 19. The Net Settlement Amount will be distributed proportionally among members of the Settlement Class according to the number of weeks each worked during the Settlement Class Period. *Id.* ¶ 51(a), (b). Class Members who worked during the period for which PAGA penalties are awarded will also receive a portion of that amount. The Net Settlement Amount is non-reversionary. Thus, if one or more members of the Settlement Class elect to opt out, each participating member will receive a corresponding proportionate amount of what was allocated to those who opted out. *Id.* ¶ 2. Makenna Snow, who is the Operations Manager for ILYM Group, Inc., the settlement administrator, declared that the average gross payment to class members will be $597.97, with $1,169.76 as an estimate of the largest gross payment. Dkt. 69-2 ¶ 14.

           2.     PAGA Payment

The parties have allocated $50,000 of the $500,000 Settlement Fund to the PAGA claims. Settlement ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

18. $37,500, or 75% of this allocation, will be paid to the California Labor and Workforce Development Agency ("LWDA"). *Id*. The remaining $12,500 will be distributed proportionally to members of the Settlement Class based on the number of pay periods each worked during the period that applies to the PAGA claims, *i.e.*, from May 18, 2017 to the date of the preliminary approval. *Id.* ¶¶ 24, 51(c). Class Members may not opt out of the settlement and release of PAGA claims; any member of the Settlement Class who opts out will receive his or her share of the PAGA allocation. *Id.* ¶ 51(d).

       3.      <u>Cy Pres Award for Unclaimed Payments</u>

Any settlement check sent to a Class Members that is not negotiated within 180 days after the date of issuance will be cancelled, and a payment of its amount will be made to the California State Bar Justice Gap Fund. *Id.* ¶ 66.

       4.      <u>Release of Claims</u>

Members of the Settlement Class who do not opt out will release the following:

> [A]ll claims . . . that were or could have been pleaded based on, arising from, or related to, the factual allegations set forth in the Complaint, the First Amended Complaint and in the June 12, 2018 Notice of Labor Code Violations and PAGA Penalties sent to the LWDA and Defendants, including: (i) all claims for unpaid minimum and straight time wages; (ii) all claims for unpaid overtime; (iii) all claims for meal and rest break violations; (iv) all claims for the failure to timely pay wages upon termination; (v) all claims for wage statement violations; (vi) all claims that could arise under Business & Professions Code §§ 17200, et seq.

*Id.* ¶ 33.

The State of California, the LWDA, and all Members of the Settlement Class who worked during the PAGA period, will also release "all claims asserted through California Labor Code §§ 2698, *et seq*., that arise out of or are related to the [other] Released Claims." *Id.* ¶¶ 35, 74.

     C.      Notice

Timely notice of the settlement to members of the Settlement Class was provided by ILYM Group, Inc. (the "Settlement Administrator"). Dkt. 69-2 ¶ 1. On August 14, 2020, the Settlement Administrator mailed the court-approved Notice to all 538 class members. *Id.* ¶¶ 5-6. The Notice provided information about the following: the principal terms of the settlement, including the claims to be released; the definition of the Class; the estimated payment to the specific Class Member receiving the Notice; the procedures for objecting to the estimated payment; and the procedures for opting out of the settlement. Dkt. 69-2 at 6.

The notices to 538 class members were sent by first class mail. *Id.* ¶ 7. Of those sent, 26 were returned to the Settlement Administrator as undeliverable. *Id.* ¶ 8. Following further research, updated addresses were obtained and the returned notices were sent to those addresses. All but seven of the 26 returned

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

notices were returned. Thus, only 1.3% of the members of the Settlement Class did not receive the notice. *Id.* ¶¶ 8, 10. As of November 18, 2020, the settlement administrator had received two requests to opt out, but no objections. *Id.* ¶¶ 11-12.

      D.      Settlement Administration Costs

Plaintiff estimates that the costs of settlement administration will be no more than $13,000. Leviant Dec. ¶ 33.

      E.      Incentive Awards

The named Plaintiff requests the approval of an incentive award of $5000. Settlement ¶ 46.

      F.      Attorneys' Fees and Costs

Plaintiff's Counsel seeks up to $125,000, in attorneys' fees, and actual costs incurred prosecuting this action, not to exceed $15,000. Settlement ¶ 45.

**III.**    **Analysis**

      A.      Class Certification

The July 2020 Order as to the Preliminary Approval Motion analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 66 at 5-10. This analysis, which is incorporated by this reference, resulted in granting that Motion. The analysis of these factors, and the resulting outcome have not changed. Therefore, the Final Approval Motion is **GRANTED** as to certification of the Settlement Class.

      B.      Final Approval of the Settlement Agreement and Award of Class Representative Enhancement

           1.      Legal Standards

Fed. R. Civ. P. 23(e) requires a two-step process in considering whether to approve the settlement of a class action.

*First*, in the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, the settlement need only be potentially fair." *Id.*

*Second,* if preliminary approval is granted, class members are notified and invited to make any objections. Upon reviewing the results of that notification, a court makes a final determination as to whether an agreement is "fundamentally fair, adequate, and reasonable." *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
|---|---|---|---|
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Courts in the Ninth Circuit apply the seven *Hanlon* factors:

(1) the strength of the plaintiff's case;
(2) the risk, expense, complexity, and likely duration of further litigation;
(3) the amount offered in settlement;
(4) the extent of discovery completed and the stage of the proceedings;
(5) the experience and views of counsel;
(6) any evidence of collusion between the parties; and
(7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

Each factor does not necessarily apply in every class action proceeding, and the consideration of other factors may be appropriate. For example, courts often consider whether the settlement is the product of arm's length negotiations. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

Fed. R. Civ. P. 23(e) provides further guidance in evaluating whether a proposed settlement is fair, adequate and reasonable. Fed. R. Civ. P. 23(e) identifies the following matters to consider:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
   (i) the costs, risks, and delay of trial and appeal;
   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
   (iv) any agreement required to be identified under Rule 23(e)(3);[1] and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Fed. R. Civ. P. 23(e) adopt many of the aforementioned factors historically used by federal courts. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. Advisory Committee Comments to 2018 Amendments to Rule 23.

---

[1] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
|---|---|---|---|
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

2. <u>Application</u>

a) Analysis in the July 2020 Order as to Overall Fairness

The July 2020 Order addressed many of the aforementioned factors. Dkt. 66 at 12-17. None of the facts and circumstances as to any of them has changed since that time. However, because the settlement administrator has completed the notice process, the reaction of members of the Settlement Class to the proposed settlement may now be considered in evaluating whether it is fair and appropriate.

Of the 538 class members, only two opted out. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (citing cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *Nat'l Rural Telecomms. Corp. v. DirecTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004))). Therefore, this factor weighs in favor of final approval.

Because there have been no material changes in any of the relevant circumstances since the July 2020 Order, the same determinations are warranted at this time with respect to the fairness analysis. Therefore, the distribution of the settlement funds in the manner set forth in the July 2020 Motion is approved.

b) Enhancement Award for Plaintiff

Plaintiff renews her arguments for a $5000 incentive award. As noted in the July 2020 Order, an incentive award of $5000 would provide compensation to Plaintiff at an hourly rate of approximately $167. Although her work was valuable, and presented certain risks to Plaintiff in terms of future employment opportunities, compensation at this level is not warranted. Instead, an award of $4000 is more appropriate. Therefore, final approval of the settlement agreement is conditioned on a reduction in Plaintiff's service award from $5000 to $4000.

C. Attorney's Fees and Costs

1. <u>Legal Standards</u>

Attorney's fees and costs "may be awarded in a certified class action where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id.*; *see also* Fed. R. Civ. P. 23(h). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
|---|---|---|---|
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

      2.      <u>Application</u>

           a)      Attorney's Fees

The Settlement Agreement provides an award of $125,000 in attorney's fees. This is 25% of the Gross Fund Value, which is consistent with the "benchmark" analysis that is applied by the Ninth Circuit. *Vizcaino v. Microsoft Corp*, 290 F.3d 1043, 1047 (9th Cir. 1990). As noted in the July 2020 order, the monetary benefit achieved for each class member -- approximately $600 -- is significant. This favors approval of attorney's fees at the 25% benchmark.

"[T]he lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050. Class counsel has presented evidence that the attorneys collectively worked 249.4 hours on this litigation. The records submitted in support of the Preliminary Approval Motion support this figure. They reflect 212.5 hours up to July 2019 and an estimated 50 additional hours on the Final Approval Motion and related matters. Dkt. 66 at 18. These figures result in a lodestar calculation of $148,994.50. Dkt. 69 at 27. The lodestar calculation was based on hourly rates ranging from $675/hour for Leviant, an attorney with about two decades of class action litigation experience, to $350/hour for an associate who recently began practicing. Dkt. 71 ¶¶ 21-26. A review of the tasks performed, the time spent on them, the estimated time that will be necessary to proceed on the motion for final approval, and the proposed hourly rates, and the Court's familiarity with all of these issues as to matters litigated in this District, shows that the lodestar calculation supports the proposed fee award.

For these reasons, the Attorney's Fees Motion is **GRANTED** as to the request for attorney's fees, and a payment of attorney's fees of $125,000 is approved.

           b)      Costs

Plaintiff's counsel seeks an award of $10,349.91 in costs, which is less than the $15,000 in costs authorized in the Settlement Agreement. They have provided an itemized accounting of costs incurred through October 2019, which supports this lower amount. The costs include PACER charges, filing and document fees, airfare, parking, rideshare charges, data analysis charges and mediation fees. A review of these costs confirms that all of them were reasonable and necessary.

For these reasons, the Attorney's Fees Motion is **GRANTED** as to the request for the reimbursement of costs of $10,349.91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-08170 JAK (AFMx) | Date | May 14, 2021 |
|---|---|---|---|
| Title | Rita Garcia v. Praxair, Inc., et al. | | |

## IV. Conclusion

For the foregoing reasons, the Final Approval Motion is **GRANTED**, and the Attorney's Fees Motion is **GRANTED**, under the terms stated in this Order.

|  | : |
|---|---|
| Initials of Preparer | TJ |